# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

|  |  |
|---|---|
| FLORENCE ABOSEDE JOHNSON,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OR FACILITY ADMINISTRATOR et al.,<br><br>Respondents. | Case No. 5:26-cv-04454-DFM<br><br>ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS AND EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER |

## I.   INTRODUCTION

Petitioner Florence Abosede Johnson, a 72-year-old citizen of Nigeria detained at the Adelanto ICE Processing Center, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, see Dkt. 1 ("Petition"), and an ex parte application for a temporary restraining order, see Dkt. 3 ("Application"). On August 7, 2026, the Court ordered Respondents to respond by August 10 and to address, among other things, the statute governing Petitioner's detention, whether she is entitled to a custody hearing and whether one has been scheduled, and whether she is receiving her medications. See Dkt. 8 ("August 7 Order"). Respondents filed a combined opposition and answer. See Dkt. 10 ("Opposition").

For the reasons set forth below, the Petition is **GRANTED IN PART and DENIED IN PART**, and the Application is **GRANTED IN PART and DENIED IN PART**.

## II.   BACKGROUND

Petitioner was admitted to the United States at a port of entry in B-2 status on October 26, 2020, after inspection by an immigration officer. See Petition, Ex. B ("I-94"). She overstayed her authorized period of stay. Her asylum application has been pending with USCIS since June 2024, and she holds an employment authorization document valid through December 2026. See id., Exs. C, D. She has no criminal history of record, and Respondents identify none. See id. ¶ 20. Petitioner is insulin-dependent, with type 2 diabetes, hypertension, and a diagnosed psychotic disorder; her prescribed regimen includes nightly insulin glargine, twice-daily glucose testing, metformin, and aripiprazole. See Petition, Ex. H.

ICE arrested Petitioner on July 14, 2026, at Los Angeles International Airport as she boarded a domestic flight, and has detained her at Adelanto since. See id. ¶ 14 & Ex. A. No Notice to Appear or other charging document has been produced to counsel or, as far as the record shows, filed with the immigration court. See id. ¶¶ 3, 27 & Ex. N. Counsel three times sought a custody hearing from the Adelanto Immigration Court. EOIR rejected each filing on administrative grounds: the first because it was not styled a "Pre-NTA" request, the second for an address defect on the Form EOIR-28, and the third (on August 6) because a "removal case [is] open please file bond request not nTA bond request," the opposite of the first rejection. See id., Exs. E, K, L. EOIR's own systems meanwhile contradicted one another: its filing portal listed a pending removal case while its public systems reported no case pending. See id., Exs. F, G, I. Court staff told counsel that DHS had not filed the NTA, that the court was severely understaffed, and that processing was

unlikely for approximately fourteen (14) days, with no date certain. See Dkt. 1-20, Declaration of Sedoo Manu ¶¶ 7-8. Counsel also reported to ICE on August 4 that Petitioner had gone several days without metformin and aripiprazole; ICE acknowledged the complaint but the record contains no confirmation that the interruption ended. See Petition, Ex. O.

The Opposition concedes that Petitioner "appears to be entitled to request and receive an initial bond hearing," opposes outright release, argues that Petitioner has not exhausted her administrative remedies, and proposes that if a hearing is ordered it be "an 8 U.S.C. § 1226(a) hearing . . . in seven days," with judgment entered immediately. Opposition at 2-3. The Opposition attaches no evidence and does not address the August 7 Order's questions concerning EOIR's contradictory records, whether any hearing has been scheduled, or Petitioner's medications.

## III.   DISCUSSION

A federal court may grant a writ of habeas corpus to a petitioner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Habeas jurisdiction extends to noncitizens challenging the constitutionality of their immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001).

A temporary restraining order requires a showing of likely success on the merits, likely irreparable harm absent relief, a balance of equities favoring relief, and consistency with the public interest. See Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). In the Ninth Circuit, "serious questions going to the merits" and a balance of hardships tipping sharply toward the applicant may also support relief, provided the other Winter factors are satisfied. See All. for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-35 (9th Cir. 2011).

### A.    Petitioner Is Entitled to a Prompt Custody Hearing

Petitioner is detained without an administratively final removal order—indeed, so far as the record shows, without any charging document—so her detention is governed by 8 U.S.C. §§ 1225 or 1226, not § 1231. See Johnson v. Guzman Chavez, 594 U.S. 523, 533-34 (2021). Because the I-94 shows that Petitioner was inspected and admitted in 2020, she is not an "applicant for admission" subject to § 1225(b)(2)(A), and no party contends that § 1226(c) applies. Her detention is therefore governed by § 1226(a), which reaches admitted noncitizens "who overstay or violate the terms of their visas." Rodriguez Vazquez v. Bostock, No. 25-6842, --- F.4th ----, 2026 WL 2196424 (9th Cir. July 30, 2026) (quoting Buenrostro-Mendez v. Bondi, 166 F.4th 494, 499 (5th Cir. 2026)). Respondents agree, although they describe Petitioner as within Bostock's holding that "aliens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." Opposition at 2.

A § 1226(a) detainee is entitled to an initial custody determination: "Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." Jennings v. Rodriguez, 583 U.S. 281, 306 (2018) (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)). Petitioner has been detained twenty-seven (27) days without one, and the record shows she cannot obtain one: three bond filings were rejected on shifting and mutually contradictory administrative grounds, the agency's systems disagree about whether any case is pending, DHS has filed no charging document, and the immigration court reports no date certain for processing.

Respondents' sole defense is prudential exhaustion. But the exhaustion sequence—a bond hearing before an immigration judge, appeal to the Board, then habeas, see Leonardo v. Crawford, 646 F.3d 1157, 1159-60 (9th Cir. 2011)—presupposes a hearing from which to appeal. There has been none,

4

despite diligent efforts. A court may in any event waive prudential exhaustion where "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." Hernandez v. Sessions, 872 F.3d 976, 988 (9th Cir. 2017) (quoting Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004)). On this record the administrative remedy has proven inadequate through no fault of Petitioner, and further waiting risks irreparable injury to a 72-year-old insulin-dependent detainee. Exhaustion is excused.

The remedy is a prompt hearing, not release. Where the defect is an omitted procedure, the tailored remedy is to order that procedure. Petitioner's request for immediate release is denied, as is her request that the government bear the burden by clear and convincing evidence: at an initial § 1226(a) custody redetermination the noncitizen bears the burden of showing by a preponderance that she is neither a danger nor a flight risk. See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1197 (9th Cir. 2022); 8 C.F.R. §§ 1003.19, 1236.1(c)(8). If bond is set, the immigration judge must consider Petitioner's financial circumstances and alternative conditions of release. See Hernandez, 872 F.3d at 990-91. Respondents propose a § 1226(a) hearing within seven (7) days, see Opposition at 3, and the Court orders exactly that.

**B.    The Medical and Retaliation Claims Are Not Cognizable in Habeas**

Ground Three and the corresponding Application provisions (¶¶ 1-5, 8) seek medication continuity, a physician evaluation, non-retaliation protections, and a medication record. These are claims about the conditions of Petitioner's confinement, not its fact or duration, and the Ninth Circuit has held that such claims do not sound in habeas; a district court lacks jurisdiction over them under § 2241 where, as here, the alleged violations could be remedied without release. See Pinson v. Carvajal, 69 F.4th 1059, 1070-75 (9th Cir. 2023) (dismissing confinement claims brought in habeas for lack of jurisdiction).

Petitioner acknowledges the problem and does not rest her request for release on these claims. See Petition ¶ 43. Ground Three is accordingly dismissed without prejudice to a properly filed civil action, and the Application is denied as to ¶¶ 1-5 and 8.

The Court separately notes that the August 7 Order directed Respondents to address "whether Petitioner is being provided with her medications while in detention." August 7 Order at 1. The Opposition does not mention the subject. Respondents will comply with the Court's order. Respondents shall file a status report, supported by a declaration and the medication administration record, within two (2) court days. This is an exercise of the Court's authority to enforce its own order on a subject raised by the filings, not an adjudication of the dismissed conditions claims.

**C.    Preservation and Transfer**

To preserve its ability to adjudicate this matter through judgment and any timely post-judgment proceedings, and consistent with General Order 26-05, the Court grants narrow relief drawn from Application ¶¶ 6-7: Respondents shall preserve the records identified in the Application and shall not transfer Petitioner out of the Central District of California without at least two (2) court days' advance written notice to Petitioner's counsel and the Court. The Court declines to enjoin removal: no removal order exists, and injunctive relief directed at removal itself would raise questions under 8 U.S.C. § 1252(g) that this record does not require the Court to answer. See Rauda v. Jennings, 55 F.4th 773, 777 (9th Cir. 2022). No security is required. See Fed. R. Civ. P. 65(c). The requested order to show cause regarding a preliminary injunction is denied as moot in light of the entry of final judgment.

## IV.   ORDER

For the foregoing reasons, IT IS ORDERED that:

1.     The Petition (Dkt. 1) is **GRANTED IN PART**. Respondents shall ensure that Petitioner receives an initial custody redetermination hearing before an immigration judge under 8 U.S.C. § 1226(a) within seven (7) days of this Order. If no hearing has occurred by that deadline, Petitioner may seek further relief from this Court, including release, and the Court retains jurisdiction to enforce this Order.

2.     The Petition is otherwise **DENIED**, except that Ground Three is **DISMISSED** without prejudice to a civil action.

3.     The Application (Dkt. 3) is **GRANTED IN PART**: Respondents shall preserve all medication administration records, medical records, grievances, video recordings, incident reports, and communications concerning Petitioner's medical care and the reported nighttime encounter of August 5 to 6, 2026, and shall not transfer Petitioner out of the Central District of California without two (2) court days' advance written notice to Petitioner's counsel and the Court. The Application is otherwise **DENIED**.

4.     Within forty-eight (48) hours, Respondents shall file the status report described above addressing Petitioner's medications, supported by a declaration and Petitioner's medication administration record from July 14, 2026, to the present.

5.     Any application for fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, shall be filed within the time provided by statute.

Date: August 11, 2026

DOUGLAS F. McCORMICK
United States Magistrate Judge

7